[Civ. No. 7601. First Appellate District, Division Two.—September 14, 1931.]

S. F. SARCADY, Respondent, v. EVA BIEDENWEG, Appellant.

582

James M. Koford and John Jewett Earle for Appellant.

L. R. Weinmann and W. E. Licking for Respondent.

DOOLING, J., *pro tem.*—This is an appeal from a judgment for $10,000 for personal injuries entered pursuant to the verdict of a jury. The sole ground of appeal is that the verdict is excessive. ▪ In passing upon such a claim we start with the settled rules that every conflict in the evidence must be resolved in favor of respondent (8 Cal. Jur. 837; *Reneau* v. *Hirsch*, 88 Cal. App. 1, 7 [262 Pac. 1100]), that every intendment is in favor of the action of the trial court in denying the motion for new trial on the same ground, and that "unless we are able to say that the award of damages . . . was so grossly disproportionate to any compensation reasonably warranted by the facts . . . as to shock the sense of justice and raise at once a presumption that it was the result of passion, prejudice, or corruption, rather than an honest or sober judgment, this court may not exercise the power of revision". (*Kelley* v. *Hodge Transp. System,* 197 Cal. 598 [242 Pac. 76, 81].)

▪ Respondent, a man fifty years of age, was struck and knocked down by an automobile. He received a blow on the head, an injury to both shoulders, both elbows, his back in the sacro-iliac region, his left hip and his right knee and when taken to the emergency hospital he was dazed, shocked and suffering pain. At the time of the trial his left ear showed a depression of the drum and a 6/10 loss of hearing and he had an injury to the sacro-iliac joint and a distortion of the lumbar spine. Medical witnesses testified that these were all probably traumatic in origin and the respondent himself testified that prior to the accident he had had no trouble with his ear or back. We must, therefore, assume

in support of the verdict that the jury found that these injuries were the result of the accident. The distortion of the spine can only be aided by putting the respondent's back into a cast or other appliance and requiring him to lie immobilized involving a great deal of pain and then the outcome would be uncertain.

The most serious injury was to respondent's right knee. At the time of trial the knee showed a depression of the outer tuberosity of the tibia and a rupture of the internal semilunar cartilage. This impaired the function of the knee and rendered its use extremely painful and in the absence of possible relief by operative treatment this condition was stationary and permanent. For many years respondent had been engaged in the manufacture of funeral urns with his brother, the mechanical work on the urns requiring respondent to remain standing and exert a pressure on the urn with his right leg; and the condition of the right knee rendered it impossible for him to continue with such work. The brothers were partners and respondent had been receiving between $200 and $250 per month as his share of the profits. They had been accustomed to work long hours and since respondent's injury his brother had attempted to replace him by employing other men, but had been compelled to discharge them because of inefficiency.

The medical testimony showed that by operation the injured semilunar cartilage could be removed and that, were it not for the other injury to the knee, this operation would probably effect a cure; but all of respondent's medical witnesses agreed that in view of the other injury to the knee the outcome of such an operation would be doubtful.

Respondent's medical and hospital expenses amounted to $528.20 He was entitled to a substantial allowance for the injury to his back and ear. At the age of fifty years the American experience tables of mortality show an expectancy of 20.91 years. If respondent is permanently disabled from performing his former work and his earnings are thereby reduced only $75 per month a simple calculation will show that the allowance was far from excessive. In a business depending upon the personal efforts of the two brothers, with the previous earnings shown, the finding of such a loss would be well within the limits of reason.

■ Appellant's chief claim seems to be that the evidence shows without conflict that operative measures would entirely cure the knee. We cannot so construe the evidence. One medical man said: "If he wants to take the chance of having that cartilage removed in the hopes that it might improve him, he might not be improved, he might be worse," and another stated: "Where you have this depression on the outside, what that would do, we don't know, and there is no human that would know until after we got through."

Under such circumstances we cannot hold that respondent is required as a matter of law to risk an operation the outcome of which is so uncertain, or that the jury was not justified in finding the injury to the knee permanent in character. (*Bao* v. *San Francisco-Oakland Terminal Rys.*, 182 Cal. 93, 101, 102 [187 Pac. 2].)

The appeal presents the not uncommon case of a conflict of testimony with which this court cannot interfere.

Judgment affirmed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 14, 1931.